UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEMAR HILL,
    Plaintiff,

vs.

PETE BATSAKES, et al.,
    Defendant.

Case No. 1:18-cv-278

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, a resident of Cincinnati, Ohio, brings this *pro se* civil action against Pete Batsakes and Tracy Pacheco alleging discrimination in employment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). The plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 446 (6th Cir. 2007). The complaint must also provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff's complaint alleges the following statement of facts:

> On March 22, 2018 I called Tracey Pacheco the office administrative assistant and asked what deductions came out of my check because I notice[d] a difference. After Tracey telling me, I said my child support is almost over. How did you come up with the amount you took out. Tracey said that is what division of child support said to take out, because that was a lie to me. I asked for headquarter number. I went over her got my money back on March 27, 2018. Talking with Jane Malware (440) 996-3145 HR department. I called HR and asked Janie Smith to ask[] for Tracey to be discipline for lying to me. . . . On March 30, 2018 Pete Batsakes my field rep start giving me the runaround only worked me three days since. Now no one in office has a job for me.

(Doc. 1, Complaint at 2-3). As relief, plaintiff requests that Ms. Pacheco and Mr. Batsakes be disciplined and "pay loss waiting for work." (*Id.* at 3). He also seeks an audit of his employment records. (*Id.*).

In this case, plaintiff's complaint fails to state a claim of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Title VII prohibits

"employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2523 (2013) (citing 42 U.S.C. § 2000e–2(a)). Plaintiff fails to allege any facts from which the Court could reasonably infer that he was discriminated against on the basis of his race, age, sex, disability, or any other protected characteristic. *Iqbal*, 556 U.S. at 678. Instead, plaintiff's complaint, liberally construed, alleges he was not paid the correct amount based on improper child support deductions from his paycheck. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination case pursuant to Rule 12(b)(6) where the plaintiff failed to allege facts from which a reasonable person could infer how his race or gender factored into the employer's employment decision); *Anaissie v. Univ. of Cincinnati Physicians, Inc.*, No. 1:15-cv-701, 2016 WL 695932, at *2 (S.D. Ohio Feb. 22, 2016) (allegations that plaintiff was of Middle Eastern ancestry and was terminated despite performing his duties capably were insufficient to allow plausible inference that plaintiff was terminated due in part to his national origin). Plaintiff's complaint does not include sufficient facts to state a claim for relief for discrimination.

Accordingly, the undersigned concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/6/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEMAR HILL,
 Plaintiff,

vs.

PETE BATSAKES, et al.,
 Defendants.

Case No. 1:18-cv-278

Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).